**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

MARY E. CORBIN,

        Plaintiff,

v.                                         Civil Action No. 3:08cv173

OFFICER EVERETTE B. WOOLUMS, *et al.*,

        Defendants.

## MEMORANDUM OPINION

Before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 5.)  Plaintiff Mary E. Corbin has filed a response, and Defendants have replied.  The Court held a hearing on the matter.  Accordingly, the matter is ripe for adjudication.

## I.  Facts

Plaintiff Corbin is an African-American woman.  On December 1, 2006, Corbin was involved in a minor automobile incident in the parking lot of a Wal-Mart store in the Town of Tappahannock, Virginia ("the Town").  The owner of the other vehicle called the police to come and facilitate the exchange of insurance information.  While waiting for police to arrive, Corbin's children waited in her vehicle, and Corbin spoke on the phone with her husband who had the relevant insurance information.

Officer Everette B. Woolums is a Caucasian man employed as a police officer with the Tappahannock Police Department ("the Department").  Officer Woolums responded to the call and arrived at the scene of the accident while Corbin was talking on the phone with her husband.

1

Corbin alleges that Officer Woolums knocked the phone out of her hand, seized her, and twisted her arms behind her back to handcuff her.

On March 18, 2008, Corbin filed the instant suit against Officer Woolums, the Town, the Department, and Chief of Police James H. Barrett, Jr.  Corbin raises four claims in her Complaint:

Claim One:     Assault, Battery and Gross Negligence Against Officer Woolums

Claim Two:     Section 1983 Violation Against Officer Woolums

Claim Three:  Section 1983 Violation Against the Town and the Department

Claim Four:    Section 1983 Violation Against Chief Barrett

## II.  Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  In *Bell Atlantic*

2

*Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  127 S. Ct. at 1964-65 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable."  *Id*. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim."  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Generally, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, when the parties attach documents referenced in the complaint, or where the documents are official public records, the Court may consider them without converting the motion into one for summary judgment.  *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (No. 05-1378), *available at* 2006 WL 228621, at *1; *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).  Therefore, even though Defendants have submitted a copy of the Town Charter with their motion, the Court will consider the motion as a motion to dismiss under Rule 12(b)(6).  *See* Mem. in Supp. of Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Ex. 1 ("Town Charter").

## III.  Discussion

A.    **Alleged Section 1983 Violation by the Town and the Department**

Corbin sues the Town and the Department under 42 U.S.C. § 1983,[1] which provides a private right of action for deprivation of constitutional rights by persons acting under the color of law.  "Section 1983 . . . 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred' . . . . Hence, to establish liability under Section 1983, a plaintiff must show that the defendant, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury."  *Brown v. Mitchell*, 308 F. Supp. 2d 682, 692 (E.D. Va. 2004) (citations omitted).  Where a plaintiff brings a Section 1983 claim against a municipality, liability attaches only if "an official policy or custom" caused the "unconstitutional deprivation of the plaintiff's rights."  *Id.* (*citing Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).  An official policy or custom "need not derive from municipal ordinances."  *Kirby v. Elizabeth City, N.C.*, 380 F.3d 777, 787 (4th Cir. 2004).  Rather, "it may also be found in formal or informal *ad hoc* 'policy' choices or decisions of municipal officials authorized to make and implement municipal policy."  *Id.* (*quoting Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987)).

---

[1] Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

4

1.      <u>**Claim Against the Town**</u>

The Town argues that the Court should dismiss it from the instant action because Corbin fails to implicate an official policymaker in her Complaint, because Corbin makes only conclusory allegations that fail to specify which "policies or customs" caused the alleged incident, and because Corbin does not allege that the Town had any policy that was unconstitutional.

a.      <u>**Policymaking Authority**</u>

A court attributes the acts of a municipal official to the municipality when the official has final policymaking authority. *Spell*, 824 F.2d at 1385.  "'[P]olicymaking authority' implies authority to set and implement general goals and programs of municipal government, as opposed to discretionary authority in purely operational aspects of government." *Id.* at 1386.  "[T]he possession of 'final authority' does not alone constitute a municipal official a 'policymaker.'" *Id.* Rather, "[t]he most critical factor is not the practical finality of an official's 'acts and edicts,' but their 'policy' nature." *Id.*  "[A] municipal agency or official may have final authority to make and implement policy despite a municipality's retention of powers of ultimate control over both policy and policymaker.  The question is one of authority-in-fact." *Id.*  "A municipal governing body may not avoid attribution of policy to itself simply by officially retaining unexercised ultimate authority to countermand a policy or to discipline or discharge the policymaker." *Id.*

In this case, the Town Charter vests in the Town Council "all powers and authority . . . granted to councils of towns by the general laws of the Commonwealth and by this charter." Town Charter § 3.8.  The Town Charter vests in the Chief of Police "all powers and authority

conferred by law upon the chiefs of police of towns . . . . He [or she] shall discharge such further duties as the town council or town manager may impose."  Town Charter § 5.7.

At this time, the Court will not dismiss Corbin's claim against the Town because the Town Charter clearly gives both the Town Council and Chief Barrett some level of authority. The Town Charter does not present the clear line of decision-making demarcation Defendants contend it does, and the language of the Charter does not clarify how Chief Barrett's policymaking authority was limited.  Past cases indicate that the Chief of Police can have policymaking authority over the police department's policies and procedures, even when another municipal entity or official retains policymaking authority over other areas.  *See, e.g.*, *Lytle v. Doyle*, 326 F.3d 463, 472 (4th Cir. 2003) (considering the Chief of Police final policymaker for the police department where the Chief of Police had authority to approve some policies, and the City Manager approved all other orders, rules, and regulations for the police department); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) ("Since [the Chief of Police] is responsible for the choice and implementation of police department practices and procedures, his acts and omissions reflect government policy.").  Thus, reason exists to develop the record further here.

### b. <u>Sufficiency of Pleading</u>

Next, the Court considers whether Corbin sufficiently has pled her claim against the Town.  "While § 1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' . . .  may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts-even if the factual assertions are equally consistent with a contrary conclusion-should survive a Rule 12(b)(6) motion to dismiss."  *Revene v. Charles County Comm'rs*, 882 F.2d 870,

873 (4th Cir. 1989) (citations omitted); *see also Bell Atl. Corp.*, 127 S. Ct. at 1965 (pleading

requirement "simply calls for enough fact to raise a reasonable expectation that discovery will

reveal evidence" supporting the claim); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)

(finding, post-*Bell Atlantic Corp.*, that the *pro se* petitioner's claims were not conclusory where

he alleged that the respondents "endanger[ed] [his] life" by withholding medication "'shortly

after' petitioner had commenced a treatment program that would take one year," that the

petitioner still needed treatment, and that prison officials continued to refuse to provide treatment

to the petitioner).

Holding Corbin to the liberal notice-pleading requirements under Rule 8(a)(2),[2] the Court

finds that she alleges sufficient facts to state a Section 1983 claim against the Town.[3]  Corbin has

identified three policies that allegedly led to the December 1, 2006 incident.  First, she alleges:

"It was the policy, custom and/or practice of the Town and the Department to inadequately and

improperly investigate the backgrounds of applicants for employment with the Department,

including Officer Woolums, whose background reflected allegations of misconduct, excessive

force, and racial animus."  (Compl. ¶ 37.)  Second, she asserts: "It was the policy, custom and/or

practice of the Town and the Department to improperly investigate citizen complaints of

misconduct by Tappahannock police officers, including complaints of misconduct and racial

animus by Officer Woolums." (Compl. ¶ 38.)  Third, she states:

---

[2] *See* Fed. R. Civ. P. 8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief.").

[3] *See Jordan by Jordan*, 15 F.3d 333, 338 (4th Cir. 1994) ("[S]ection 1983 claims are not subject to a 'heightened pleading standard' paralleling the rigors of proof demanded on the merits.") (citation omitted); *Revene*, 882 F.2d at 875 ("[A] civil rights claimant may not be held to strict fact-pleading requirements . . . .").

7

> It was the policy, custom and/or practice of the Town and the Department to inadequately supervise, train, discipline and control its police officers, including Officer Woolums, thereby failing to adequately discourage constitutional violations on the part of its officers. The Town and the Department did not require appropriate in-service training, retraining or discipline of officers or prospective officers whom these defendants knew or had reason to know had engaged in misconduct, excessive force or acts evincing racial animus.

(Compl. ¶ 39.)

Dismissing the claims at this stage would be premature because Corbin sufficiently identifies specific policies and acts taken that pertain to Officer Woolums, and that allegedly caused her claimed injury.[4]  *See Bell Atl. Corp.*, 127 S. Ct. at 1965 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'") (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)); *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 189 (4th Cir. 2007) (post-*Bell Atlantic Corp.*, finding a sufficiently stated fraud claim even under the heightened pleading requirements where the complaint did not detail how the defendant allegedly deceived the plaintiff). The Town's motion to dismiss shall be DENIED. The Court shall allow Claim Three against the Town to proceed.

### 2.    Claim Against the Department

Defendants assert that the Department is not a proper defendant in this lawsuit because the Department is not *sui juris*. An entity is not *sui juris* if it is an agency of the municipality and not a separate legal entity. *See Revene*, 882 F.2d at 874 (affirming the district court's dismissal

---

[4] Defendants cite cases regarding what Corbin must prove to prevail on her § 1983 claim against the Town. These cases, however, apply standards pertinent to a later stage of litigation. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (1997) (post-trial consideration); *City of Canton v. Harris*, 489 U.S. 378 (1989) (post-trial consideration); *Carter v. Morris*, 164 F.3d 215 (4th Cir. 1999) (summary judgment consideration).

of a Section 1983 claim against a sheriff's office because the office was not a separate legal

entity); *Clark v. Beasley*, No. Civ.A. 3:03-CV-1074, 2004 WL 3222732, at *4 (E.D. Va. July 8,

2004) (Hudson, J.) (finding that the Chesterfield Sheriff's Office is not a separate legal entity).

Corbin concedes the Department is not *sui juris*.  (Mem. of Points & Auths. in Opp. to Def.'s

Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) 4 n.1.)  Plaintiff concedes that the

Department is not *sui juris*.  In any event, the claims against the Department would be

duplicative of claims against either the Town or Chief Barrett in his official capacity.

As such, Defendants' Motion to Dismiss Claim Three against the Department is

GRANTED.

**B.**       **Alleged Section 1983 Violation by Chief Barrett**

Lastly, the Court considers whether Corbin sufficiently has stated a claim against Chief

Barrett in his individual and official capacities. "An individual-capacity suit seeks to impose

personal liability on a government official for actions taken under color of state law, whereas an

official-capacity suit 'generally represent[s] only another way of pleading an action against an

entity of which an officer is an agent.'" *J.S. ex rel. Duck v. Isle of Wight County Sch. Bd.*, 368 F.

Supp. 2d 522, 526-27 (E.D. Va. 2005) (*quoting Monell*, 436 U.S. at 690 n.55).  Thus, "[a] § 1983

lawsuit brought against an individual in his official capacity is [] duplicative of a claim brought

against the municipality." *Id.* (dismissing claims against school board members in their official

capacities because the plaintiff sued the school board over the same incident).

Defendants rely solely on the Town Charter to support their argument that Chief Barrett

does not have policymaking authority.  As discussed above, the Town Charter gives Chief Barrett

some level of authority.  Because Chief Barrett and the Town Council each could hold authority

over different policies affecting the Department, the Court cannot at this time determine that a claim against Chief Barrett in his official capacity is duplicative of a claim against the Town. *See Lytle*, 326 F.3d at 472 (noting that the City Manager and the Chief of Policy concurrently had authority over different policies applicable to the police department); *Perry v. Carter*, No. CIVA297-CV-893, 1998 WL 1745365, at *6 (E.D. Va. July 27, 1998) (dismissing claims against officials in their official capacity because the plaintiff alleged that the municipality violated "those same rights").  While it may be likely that any valid claim can only go forward against the Town *or* the Chief, the record before the Court does not definitely commend dismissing either party presently.  Thus, the Court shall allow Claim Four against Chief Barrett in his official capacity to proceed.

Regarding Corbin's claim against Chief Barrett in his individual capacity, even recognizing the high standard Corbin must prove, the Court finds that Corbin has sufficiently stated her claim under the level of review the Court applies here.  To prove supervisory liability under Section 1983, Corbin must prove:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).  In her Complaint, Corbin asserts that "Chief Barrett was informed and had actual or constructive knowledge that Officer Woolums, his subordinate, had, in the course of his law-enforcement duties, displayed racial animus toward African-Americans and engaged in conduct that posed a pervasive and

10

unreasonable risk of constitutional injury to citizens such as Ms. Corbin."  (Compl.¶ 44.)  Corbin

further alleges that "Chief Barrett failed to adequately supervise, discipline and control Officer

Woolums," and that Chief Barrett's response to Officer Woolums's conduct "was so inadequate

as to show a deliberate indifference to the rights of persons within Tappahannock."  (Compl.

¶¶ 45-46.)  Defendants' claim that these allegations amount to legal conclusions cannot be

confirmed until the record develops further.

Defendants argue that "mere complaints do not portend constitutional violations by the

subject of the criticism."  (Reply Mem. in Supp. of Mot. to Dismiss Pursuant to Fed. R. Civ. P.

12(b)(6) 3.)  Although courts have found that one incident may be insufficient to prove

"deliberate indifference" amounting to "a pervasive risk of harm," *see Treadwell v. Murray*, 878

F. Supp. 49, 52 (E.D. Va. 1995), the Court cannot conclude at this stage that the facts alleged in

Corbin's complaint commend dismissal.[5]  *See Jordan by Jordan*, 15 F.3d at 337 ("[W]e disagree

that appellants were required to allege more than one incident of misconduct in order to

withstand a motion to dismiss under Rule 12(b)(6).").  Corbin alleges facts that could plausibly

state a claim, although barely so.  *See Bell Atl. Corp.*, 127 S. Ct. at 1974 ("[W]e do not require

heightened fact pleading of specifics, but only enough facts to state a claim to relief that is

---

[5] On this point, Defendants cite *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), for the
proposition that "[p]roof of a single incident of unconstitutional activity is not sufficient to
impose liability under *Monell*."  *Id.* at 823-24.  The Supreme Court qualified this statement,
noting that a single incident is insufficient to establish municipal liability "unless proof of the
incident includes proof that it was caused by an existing, unconstitutional municipal policy,
which policy can be attributed to a municipal policymaker."  *Id.* at 824.  Subsequent to *Tuttle*, the
Supreme Court has affirmed that a municipality could be liable based on a single decision or
incident.  *See Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986) ("No one has ever doubted . . .
that a municipality may be liable under § 1983 for a single decision by its properly constituted
legislative body . . . because even a single decision by such a body unquestionably constitutes an
act of official government policy.").

plausible on its face.").  This commends the Court to allow the parties to develop the record further.  The Court shall DENY Defendants' motion to dismiss Corbin's claim against Chief Barrett in his official and individual capacities.

### IV.  Conclusion

For the foregoing reasons, the Court shall DENY IN PART and GRANT IN PART Defendants' motion to dismiss.  The Court shall DISMISS Claim Three against the Department. The Court shall allow Claim Three against the Town and Claim Four against Chief Barrett in his official and individual capacities.

An appropriate order shall issue.

/s/
_____

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Entered:  May 19, 2008

12